IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANNON WINFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-09187-JWL-TJJ |
| ) | |
| CRAFTWORKS RESTAURANTS & ) | |
| BREWERIES GROUP, INC. ) | |
| d/b/a OLD CHICAGO, AND ) | |
| OLD CHICAGO OF KANSAS, INC. ) | |
| d/b/a OLD CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS

Plaintiff is a former employee of Defendant Craftworks who asserts Title VII claims against Defendants.[1] She managed Craftworks' Old Chicago restaurant in Olathe under the same leadership for almost ten years prior to voluntarily resigning her employment. A couple of months before her resignation, Plaintiff filed an EEOC charge, which is attached to her Complaint as Ex. A. (Dkt. 1-1) Her Complaint asserts two counts: Count I for sexual harassment and Count II for retaliation. However, neither the factual allegations nor legal assertions in her charge contemplate sexual harassment. Count I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because she failed to exhaust administrative remedies for a sexual harassment claim. It also should be dismissed pursuant to Rule 12(b)(6) because the Complaint failed to assert facts essential to a viable sexual harassment claim.

Likewise, Plaintiff neither named Defendant Old Chicago of Kansas, Inc. in her charge nor asserted factual allegations sufficient to permit claims to be asserted against it in this lawsuit.

---

[1] Plaintiff has also named Old Chicago of Kansas, Inc. d/b/a Old Chicago as a defendant though it was not her employer. Notably, she identified her only employer – Craftworks – in her charge. *See infra,* Section II.

All claims against Old Chicago of Kansas, Inc. also should be dismissed with prejudice pursuant to Rule 12(b)(1).

**I.      Dismissal is appropriate pursuant to Rules 12(b)(1) and 12(b)(6).**

Two Federal Rules of Civil Procedure are implicated by Plaintiff's Complaint – Rules 12(b)(1) and 12(b)(6). Rule 12(b)(1) permits a party to move for the dismissal of any claim when the court lacks subject matter jurisdiction.  Where a plaintiff has failed to exhaust administrative remedies, the Court lacks subject matter jurisdiction over the unexhausted claim. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  As demonstrated herein, Plaintiff failed to administratively exhaust Count I (*see infra,* Section I.A) and failed to administratively exhaust any claim against Defendant Old Chicago of Kansas, Inc. (*see infra*, Section II).  Count I and all claims against Defendant Old Chicago of Kansas, Inc., accordingly, should be dismissed pursuant to Rule 12(b)(1).

If the Court does not find dismissal of Count I warranted by Rule 12(b)(1), the Court should look to Rule 12(b)(6) to dismiss it, as Plaintiff also has failed to state a claim for sexual harassment.  Rule 12(b)(6) tests the sufficiency of the allegations in a complaint.  To survive a motion to dismiss, a claim for relief "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012) (internal quotations omitted).  Rather, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although the reviewing

2

court must accept all well-pleaded facts as true, if those facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Such analysis reveals that Count I fails to state a claim upon which relief may be granted and should be dismissed on that basis if not dismissed pursuant to Rule 12(b)(1).

> A. **Count I should be dismissed pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies.**

A federal court cannot obtain jurisdiction over a claim brought under Title VII unless the plaintiff first exhausted administrative remedies for each discrete discriminatory and retaliatory act. *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004). "The formal charge is the key document in getting the Title VII . . . process rolling . . . It therefore is the primary, and usually the only, place to which courts look to determine whether a plaintiff timely and properly exhausted her claims before the EEOC." *Bland v. Kansas City, Kan. Cmty Coll.*, 271 F. Supp. 2d 1280 (D. Kan. 2003) (citing *Welsh v. City of Shawnee,* 182 F.2d 934, 1999 WL 34597, at *5 (10th Cir. June 1, 1999)). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

The factual allegations of Plaintiff's charge are limited and precise and identify three discrete incidents:

> I am a Caucasian female and my nation of origin is the United States.
>
> I began working for this entity in 2002. In 2006, I was promoted to GM. In Jan/Feb, 2014, I informed my employer that I was pregnant. In May, 2014, I went out on FMLA/maternity leave. I discovered [1] my job was posted while I was on leave. I complained to my regional manager that I felt I was being discriminated against. [2] I then received my first write-up in 12 years of employment. I complained to my regional manager

3

>and human resources about being discriminated and retaliated against. [3] <u>My regional manager then gave me the 2nd write-up of my career</u>. I complained to HR again. The write-ups are still on my record and I continue to work under the same regional manager.
>
>I have been discriminated against because of my sex and retaliated against in violation of Title VII.

(Dkt. 1-1 (emphasis added)).[2] While Plaintiff marked the box for "sex" on her charge, and in conclusion stated that she was discriminated against "because of [her] sex," the Court must focus on the factual allegations of her charge – not her characterizations of those allegations. *Welsh*, 182 F.3d 934 at *3 (noting allegations of gender discrimination in charge do not automatically exhaust administrative remedy as to sexual harassment); *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (finding plaintiff did not exhaust her administrative remedies because her EEOC charge did not allege facts in support of retaliation claim even though she checked the box for retaliation).

The factual allegations of Plaintiff's charge concerned discrete incidents of discrimination or retaliation, not offensive, gender-based conduct that created a severe or pervasive hostile environment. She did not claim her work performance suffered, or that she was uncomfortable in her work environment, or that the discrete incidents identified were hostile or pervasive or otherwise impacted the terms or conditions of her employment. (Dkt. 1-1) And, the "Factual Allegations" section of Plaintiff's Complaint asserted allegations very similar to those in her charge. (Dkt. 1, ¶¶ 18-23)

In contrast, Count I of Plaintiff's Complaint provided a formulaic recitation of the elements of a sexual harassment hostile work environment claim. *See Davis v. U.S. Postal Serv.*,

---

[2] Notably, while the Complaint ambiguously states at Paragraph 25, "On or about May 29, 2015, Plaintiff worked her final day of employment with Defendant," Plaintiff voluntarily left employment a couple of months after filing her charge. Her Complaint does not assert a claim regarding her termination.

142 F.3d 1334, 1341 (10th Cir. 1998) (stating elements of claim). Plaintiff alleged that she experienced conduct that "had the purpose and effect of unreasonably interfering with [her] work performance thereby creating an intimidating, hostile and offensive work environment." (Dkt. 1, ¶ 32) Plaintiff further alleged, "The conduct as described herein would have offended a reasonable person of the same sex in [her] position," (*id.* ¶ 33) and that "[m]anagement level employees knew, or should have known, of the sexual discrimination described herein, but failed to take appropriate remedial action," *id.*, ¶ 34. Plaintiff also alleged that Defendants "did not exercise reasonable care to prevent a sexually harassing behavior." (Dkt. 1, ¶ 35) Plaintiff's "Wherefore" clause in Count I also stated that Plaintiff had been subject to "unlawful sexual harassment." (*Id.*, page 5)

Courts, including the Tenth Circuit, have refused to liberally construe gender discrimination allegations in a charge as having exhausted claims of hostile environment harassment in a complaint. *See, e.g., Welsh,* 1999 WL 34597, at *5 (relying on *Cheek,* 31 F.3d at 503). In *Cheek*, the Seventh Circuit stated the following:

> Ordinarily a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination.

*Cheek,* 31 F.3d at 503. The court held that the plaintiff failed to exhaust administrative remedies as to a claim of hostile work environment sexual harassment where the allegations in the charge could infer nothing more than a claim of gender discrimination. *Id.* at 503-04. The factual allegations of her charge included that her supervisor "intimidated" her and forced her to pay her client's insurance premiums, and that she "was discriminated against because of [her] sex (female)." *Id.* at 500. The court concluded that the description of plaintiff's supervisor's conduct in the charge supported only one theory, that of sex discrimination, so plaintiff had

failed to exhaust her administrative remedies. *Id.* at 504 (noting description of conduct did not fit into elements of sexual harassment claim). *See also Welsh*, 182 F.3d 934 at *3 (relying on *Cheek*, affirming dismissal of hostile work environment claim for failure to exhaust administrative remedies, concluding that allegations of gender discrimination in charge would not cause reasonable investigation into harassment claim); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409-10 (10th Cir. 1997) (same); *Horton v. Air Systems Components LP*, No. 1:10-cv-1452-RLY-DML, 2012 WL 4514056, *3-4 (S.D. Ind. Sept. 29, 2012) (same).

Because Plaintiff's charge did not assert factual allegations of sexual harassment, she has not administratively exhausted her claim for sexual harassment asserted in Count I. The Court, accordingly, lacks subject matter jurisdiction over Count I, and the Court should dismiss Count I with prejudice pursuant to Rule 12(b)(1).

### B.  Alternatively, Count I should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

In the alternative, Count I should be dismissed for failure to state a claim. As demonstrated above, the Complaint asserted the same factual allegations asserted in the charge, which are insufficient to state a sexual harassment claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (stating "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim"); *Smith v. Swift Transp. Co.*, No. 13-2247-RDR, 2014 WL 1047953, *3-4 (D. Kan. March 18, 2014) (dismissing complaint because plaintiff failed to allege facts to support claim of hostile work environment).

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A complaint alleging employment-based harassment under Title VII

6

must "make at least minimal factual allegations on every element" of the claim.  *Sims v. Wyandotte County/Kansas City, Kan.*, 120 F. Supp. 2d 938, 967 (D. Kan. 2000).

Although Plaintiff titled Count I "Title VII—Sex Discrimination," the allegations in Count I are merely a formulaic recitation of the elements of a hostile work environment claim.[3] *See Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (stating elements).  To prove a claim of sexual harassment under Title VII, a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Id.*  In addition, the working environment must be perceived, both subjectively and objectively, as hostile or abusive. *Id.*  Count I of Plaintiff's Complaint alleged those elements:  Plaintiff claimed that she experienced conduct that "had the purpose and effect of unreasonably interfering with Plaintiff's work performance" and created an "intimidating, hostile and offensive working environment," and that the conduct "would have offended a reasonable person of the same sex in Plaintiff's position."  (Dkt. 1, ¶¶ 32-33)

However, Plaintiff's Complaint utterly failed to plead any facts to support the elements of the hostile work environment claim that she asserted in Count I.  Instead, Plaintiff's "Factual Allegations" largely mirror those of her charge.  (Dkt. 1, ¶¶ 15-24)  She alleged that she informed her employer of her pregnancy in January or February 2014, took Family Medical Leave for her pregnancy, discovered that Craftworks advertised for the General Manager's position in Olathe, Kansas, and that she received two instances of written discipline.  (Dkt. 1, ¶¶ 19, 21, 23)  Plaintiff's allegations regarding a job posting and two incidents of written discipline are simply devoid of any allegations or facts that suggest that she experienced a hostile

---

[3]  Plaintiff's allegations in Count I concern only sexual harassment.  Notably, she also did not assert factual allegations of disparate treatment in either her charge (Dkt. 1-1) or her Complaint (Dkt. 1), i.e., she has never claimed that a similarly situated male employee was treated more favorably than her.

7

and abusive working environment. *Smith*, 2014 WL 1047953 at *4 (finding that allegations of mistreatment based on "mistaken identity" and being called a "street thug" were insufficient to state a hostile work environment claim); *see also Blomker v. Jewell*, Civ. No. 14-174 (JRT/TNL), 2015 WL 853617, *5-6 (D. Minn. Feb. 26, 2015) (dismissing Title VII sexual harassment claim where plaintiff failed to allege sufficient facts to establish conduct affected a term, condition, or privilege of employment); *see also Curry v. Lou Rippner, Inc.*, Civ. Action No. 14-1908, 2015 WL 2169804, *4-5 (E.D. La. May 8, 2015) (same). Accordingly, for these reasons, the Court should dismiss Count I of Plaintiff's Complaint with prejudice for failure to state a claim.

**II.    The Court should dismiss Defendant Old Chicago of Kansas, Inc.**

Plaintiff should dismiss defendant Old Chicago of Kansas, Inc. d/b/a Old Chicago because Plaintiff wholly failed to exhaust administrative remedies as to this entity. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311-12 (10th Cir. 1980). The filing of an EEOC charge "naming a defendant is a condition precedent to instituting a judicial proceeding against that defendant." *Gonzalez-Aller Balseyro v. GTE Lenkurt Inc.*, 702 F.2d 857, 860 (10th Cir. 1983); 42 U.S.C. § 2000e-5(f)(l) (An aggrieved party may bring a civil action "against the respondent named in the charge ..." after exhausting administrative remedies.).

The Tenth Circuit has recognized certain exceptions to the strict requirement that a defendant be specifically named in the EEOC charge before she may institute a Title VII action against that defendant. *Romero*, 615 F.2d at 1311-12. Four factors that are pertinent to whether a claim should be allowed to proceed against an unnamed respondent include whether: (1) the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) under the circumstances, the interests of a named party are so similar to the unnamed party that for the purposes of obtaining voluntary

8

conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Id.* at 1312.

In *Brin v. Kansas*, the court applied the *Romero* factors in an Americans with Disabilities Act case. 101 F. Supp. 2d 1343, 1353 (D. Kan. 2000) (citing *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) (holding failure to name defendant in EEOC charge precluded subsequent Title VII action against that defendant where administrative charge did not allege facts from which it could be inferred that the defendant had violated Title VII)). Relying most heavily on the fact that the plaintiff could have ascertained the roles of the unnamed respondents when he filed his charge, the court dismissed the complaint for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. *Id.* at 1353-54.[4]

Plaintiff could have ascertained the identity of Old Chicago when she filed her charge but failed to name this entity. In fact, Plaintiff alleges in her Complaint that Old Chicago "paid Plaintiff her wages and issued her a form W-2 for the year 2014." (Doc. 1, ¶ 26) In addition, the interests of Old Chicago are not so similar to Craftworks for the purposes of obtaining voluntary conciliation and compliance. Old Chicago was not Plaintiff's employer; it is merely a holding company through which payroll expenses flow. Plaintiff did not identify in the charge or the Complaint what role Old Chicago played in the alleged discrimination or retaliation. *See Brin*,

---

[4] A respondent not named in a charge of discrimination could be a proper defendant if the named and unnamed parties share a commonality of interest such that the entities can constitute a single employer. *Brin*, 101 F. Supp. 2d at 1354 (citing *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177 (10th Cir. 1999)). Here, Plaintiff has wholly failed to allege facts in the Complaint that Old Chicago has a commonality of interest with Craftworks such that Craftworks and Old Chicago constitute a single employer. *Id.* at 1353-54 (finding no commonality of interest between named an unnamed entities).

101 F. Supp. 2d at 1353 ("Because the court cannot determine ... what role [the unnamed parties] allegedly played in the alleged discrimination, the court cannot determine what their interests are, as is necessary to analyze the similarity of their interests to those of [named party] for the purpose of obtaining voluntary conciliation and compliance in the administrative proceedings.") In fact, Old Chicago's absence from administrative proceedings has resulted in prejudice to Old Chicago because this entity was unable to inform the commission of the lack of an employer-employee relationship and now has been forced to defend this action.  Last, Plaintiff has not claimed, and there is absolutely no evidence, that Old Chicago has in some way represented to Plaintiff that its relationship with the complainant is to be through Craftworks.  *Id.* at 1312. Accordingly, the Court should dismiss defendant Old Chicago because it lacks subject matter jurisdiction over this entity pursuant to Fed. R. Civ. P. 12(b)(1) in that Plaintiff has failed to exhaust administrative remedies as to this defendant.

WHEREFORE, Defendants request that the Court dismiss Count I of Plaintiff's Complaint with prejudice, dismiss Old Chicago of Kansas, Inc. with prejudice, and grant Defendants their costs, fees and all other relief the Court deems just and proper.

Respectfully submitted,

/s/ Anne E. Baggott
Karen K. Cain, KS #17256
Anne E. Baggott, KS #23629
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
kcain@littler.com
abaggott@littler.com

ATTORNEYS FOR DEFENDANTS
CRAFTWORKS RESTAURANTS &
BREWERIES GROUP, INC. AND
OLD CHICAGO OF KANSAS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2015, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record:

Kirk D. Holman
Kenneth D. Kinney
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO  64112
kholman@hslawllc.com
kkinney@hslawllc.com

ATTORNEYS FOR PLAINTIFF

/s/ Anne E. Baggott
Attorney for Defendants

Firmwide:136696232.3 074082.1009