IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHANNON WINFREY,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**CRAFTWORKS RESTAURANTS &** )<br>**BREWERIES GROUP, INC.** )<br>d/b/a OLD CHICAGO, AND )<br>**OLD CHICAGO OF KANSAS, INC.** )<br>d/b/a OLD CHICAGO, )<br>)<br>Defendants. ) | Case No. 2:15-cv-09187-JWL-TJJ |

**ANSWER**
**OF DEFENDANT CRAFTWORKS RESTAURANTS & BREWERIES GROUP, INC.**

Defendant Craftworks Restaurants & Breweries Group, Inc., by and through its attorneys of record, for its Answer to Plaintiff Shannon Winfrey's Complaint, states as follows:

**NATURE OF THE CLAIM**

1.  This action for legal and equitable relief arises under Title VII claims for sex discrimination and retaliation.

**ANSWER:** Defendant admits that Plaintiff's Complaint purports to assert claims under Title VII for sexual harassment and retaliation and denies all allegations of the paragraph 1 not expressly admitted herein.

2.  The jurisdiction of this Court is invoked pursuant to § 706 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)5(f)(3), (herein referred to as "Title VII"), 28 U.S.C. § 1331 (Federal Question), and the Civil Rights Act of 1991.

**ANSWER:** Defendant admits that plaintiff purports to assert claims under Title VII for sexual harassment and retaliation, and that this Court has original jurisdiction of Title VII claims, and Defendant denies all allegations of paragraph 2 not expressly admitted herein.

## PARTIES

3. Plaintiff is a female citizen of the United States.

**ANSWER:** Defendant admits the allegations of paragraph 3.

4. Plaintiff was employed by Defendant Craftworks and Defendant Old Chicago at their [sic] in Olathe, Kansas location.

**ANSWER:** Defendant admits that it has an Old Chicago restaurant in Olathe, Kansas, and that it employed Plaintiff at that restaurant, and Defendant denies all allegations of paragraph 4 not expressly admitted herein.

5. Defendant Craftworks is a Colorado corporation authorized and doing business in the state of Kansas.

**ANSWER:** Defendant denies the allegations of paragraph 5.

6. Defendant Craftworks employs 501 or more employees nationwide.

**ANSWER:** Defendant admits the allegations of paragraph 6.

7. Defendant Old Chicago is a Kansas corporation authorized and doing business in the state of Kansas.

**ANSWER:** Defendant admits the allegations of paragraph 7.

8. Defendant Old Chicago employs 501 or more employees nationwide.

**ANSWER:** Defendant denies the allegations of paragraph 8.

9. At all times mentioned herein, each of Defendants' employees named in this Complaint were the agents, servants and employees of Defendants.

**ANSWER:** Defendant admits it employed Steve Hohl throughout its employment of Plaintiff, and denies all allegations of paragraph 9 not expressly admitted herein.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant admits that claims asserted under Title VII are federal questions within the scope of 28 U.S.C. § 1331, and denies all allegations of paragraph 10 not expressly admitted herein.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

**ANSWER:** Defendant admits that a substantial part of the alleged events or omissions set forth in Plaintiff's Complaint occurred in this District and admits venue is proper in this Court, and denies all allegations of paragraph 11 not expressly admitted herein.

## ADMINISTRATIVE PROCEEDINGS

12. On or about March 2, 2015, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). A copy of her Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

**ANSWER:** Defendant admits that Exhibit A, a copy of a charge filed with the EEOC by Plaintiff, is attached to the Complaint, which document speaks for itself, and Defendant

denies any characterization or mischaracterization of Exhibit A and denies all allegations of paragraph 12 not expressly admitted herein.

13. On or about May 5, 2015, the EEOC mailed Plaintiff her Right to Sue Notices pursuant to Title VII. A copy of the Right to Sue Notice is attached hereto as **Exhibit B** and is incorporated herein by reference.

**ANSWER:** Defendant admits that Exhibit B, a copy of a Notice of Right to Sue, is attached to the Complaint, which document speaks for itself, and Defendant denies any characterization or mischaracterization of Exhibit B and denies all allegations of paragraph 13 not expressly admitted herein.

14. This Complaint has been filed with this Court within 90 days of Plaintiff's receipt of her EEOC Right to Sue Notices. Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff received Exhibit B, and avers the date reflected on Exhibit B is less than 90 days before the date this lawsuit was filed, and denies Plaintiff has fully complied with all administrative prerequisites before filing this action and, due to its lack of knowledge, denies all allegations of paragraph 14 not expressly admitted herein.

## FACTUAL ALLEGATIONS

15. Plaintiff began her employment with Defendants in 2002.

**ANSWER:** Defendant admits that Plaintiff began her employment with it in 2002, and denies all allegations of paragraph 15 not expressly admitted herein.

16. In 2006, Plaintiff was promoted to the General Manager's position.

**ANSWER:** Defendant admits that it promoted Plaintiff to a general manager position in 2006, and denies all allegations of paragraph 16 not expressly admitted herein.

17. In or about January or February, 2014, Plaintiff informed her employers of her pregnancy.

**ANSWER:** Defendant avers that Plaintiff informed it of her pregnancy when she submitted her request for maternity leave on April 7, 2014, and that sometime prior to that date she may have informed her management team, and Defendant denies all allegations of paragraph 17 not expressly admitted herein.

18. From approximately May 13, 2014, until approximately August 25, 2014, Plaintiff took Family Medical Leave for her pregnancy.

**ANSWER:** Defendant admits that Plaintiff took Family Medical Leave for her pregnancy beginning May 14, 2014, and returned to work on August 11, 2014, and Defendant denies all allegations of paragraph 18 not expressly admitted herein.

19. Plaintiff discovered that Defendants advertised a "Click & Hire Job Posting" for the General Manager's position in Olathe, KS.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "discovered," and avers that it posted a position of general manager in Overland Park and Olathe on August 27, 2014, to recruit for the Overland Park general manager position after the Overland Park general manager notified Defendant of his resignation, and due to lack of knowledge Defendant denies all remaining allegations of paragraph 19 not expressly admitted herein.

20. Plaintiff complained to [sic] my regional manager, Steve Hohl, that she felt she was being discriminated against.

**ANSWER:** Defendant denies that Plaintiff complained of discrimination prior to November 2014, and admits that when Steve Hohl, her regional manager, in November 2014 gave her a Performance Improvement Notice, she responded, in part, by sharing her feeling that she was being discriminated against, and she shared that same feeling when she received a Performance Improvement Notice – Final Notice in January 2015, and Defendant denies all allegations of paragraph 20 not expressly admitted herein.

21. Plaintiff then received her first written-discipline in twelve years of employment with Defendants.

**ANSWER:** Defendant admits that in 2015 Plaintiff had been employed by Defendant or its predecessor since 2002, and that the November 2014 Performance Improvement Notice meeting was her first Performance Improvement Notice, and Defendant denies all allegations of paragraph 21 not expressly admitted herein.

22. Plaintiff complained to her regional manager, Steve Hohl, and human resources about being discriminated because of her sex and retaliated against for raising her concerns of discrimination.

**ANSWER:** Defendant denies that Plaintiff complained of discrimination prior to November 2014, and admits that when Steve Hohl, her regional manager, in November 2014 gave her a Performance Improvement Notice, she responded, in part, by calling Hohl "sexist" and saying that she was being discriminated against because she had a baby; further answering, Defendant denies that Plaintiff complained to human resources at that time, but rather, Hohl reported what Plaintiff had shared to human resources, and human resources reached out to

Plaintiff to investigate her concerns; further answering, Defendant denies that Plaintiff complained of retaliation until January 2015 when she received a Performance Improvement Notice – Final Notice, after which Defendant admits that Plaintiff for the first time reached out to human resources regarding her concern that she was being discriminated against for having a baby and retaliated against for sharing those concerns, and Defendant denies all allegations of paragraph 22 not expressly admitted herein.

23. Plaintiff's regional manager, Steve Hohl, then gave Plaintiff the second write-up of her career with Defendants with the threat to terminate her employment.

**ANSWER:** Defendant admits that in January 2015, Plaintiff's regional manager Steve Hohl gave Plaintiff her second Performance Improvement Notice, which was a Final Notice and stated in part, "If objectives listed above are not met then further disciplinary action will be taken, up to and including termination," and Defendant denies any characterization or mischaracterization of the document and denies all allegations of paragraph 23 not expressly admitted herein.

24. Plaintiff registered another complaint with Human Resources, but the written discipline remained on her employment record.

**ANSWER:** Defendant admits that after receiving the January 2015 Performance Improvement Notice – Final Notice, Plaintiff for the first time made a complaint to human resources (rather than through her regional manager Steve Hohl) and admits that the November 2014 Performance Improvement Notice and the January 2015 Performance Improvement Notice – Final Notice continue to be included in Plaintiff's employment records with Defendant, and Defendant denies all allegations of paragraph 24 not expressly admitted herein.

25. On or about May 29, 2015, Plaintiff worked her final day of employment with Defendants.

**ANSWER:** Defendant avers that Plaintiff voluntarily resigned her employment and admits that Plaintiff worked May 29, 2015, which was her final day of employment with Defendant, and Defendant denies all allegations of paragraph 25 not expressly admitted herein.

26. Defendant Old Chicago paid Plaintiff her wages and issued her a form W2 for the year 2014.

**ANSWER:** Defendant admits that it paid wages to employees who worked at its Old Chicago restaurants in Kansas through its wholly owned subsidiary, Defendant Old Chicago of Kansas, Inc., which also issued W-2s to those employees, including Plaintiff, and Defendant denies all allegations of paragraph 26 not expressly admitted herein.

27. Defendant Craftworks issued all the policies and procedures for employees at Defendants' Olathe location, including the Equal Employment policies and reporting mechanisms which, in part, direct their employees to register complaints with Defendant Craftworks.

**ANSWER:** Defendant admits that it is the exclusive entity that issues policies and procedures for its Old Chicago restaurants, including the restaurant at which Plaintiff worked, and that those policies and procedures include internal reporting opportunities and that those policies and procedures speak for themselves, and Defendant denies any characterization or mischaracterization of its policies and procedures, and denies all allegations of paragraph 27 not expressly admitted herein.

28. Defendant Craftworks human resources employee oversaw and controlled Defendants' response to Plaintiff's complaints of discrimination and retaliation.

**ANSWER:** Defendant admits that regional manager Steve Hohl reported Plaintiff's November 2014 discrimination concern to human resources, which investigated the concern Plaintiff shared and communicated with Plaintiff about the concern, and that Plaintiff shared her January 2015 concerns with human resources, which investigated the concerns and communicated with Plaintiff about the concerns, and Defendant denies all allegations of paragraph 28 not expressly admitted herein.

29. At all times mentioned herein, before and after, the above described perpetrators were agents, servant and employees of Defendants and were at all such times acting with the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendants. Therefore, Defendants are liable for the actions of said persons and/or other perpetrators under all theories pled herein.

**ANSWER:** Defendant lacks knowledge or information sufficient to identify any "described perpetrators" as Plaintiff's Complaint failed to describe any individuals as "perpetrators," and Defendant therefore denies all allegations of paragraph 29.

**COUNT I**
Title VII-Sex Discrimination
(Against All Defendants)

30. Defendant incorporates by reference its responses to paragraphs 1 through 29 and defenses, as if fully set forth herein.

31. During the course of Plaintiff's employment, Defendants' supervisory/management representative, acting within the scope and course of employment,

engaged in a pattern and practice of intentional discrimination against Plaintiff, based on her sex, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a).

**ANSWER:** Defendant denies all allegations of paragraph 31.

32. The discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

**ANSWER:** Defendant denies all allegations of paragraph 32.

33. The conduct described herein would have offended a reasonable person of the same sex in Plaintiff's position.

**ANSWER:** Defendant denies all allegations of paragraph 33.

34. Management level employees knew, or should have known, of the sexual discrimination described herein, but failed to take appropriate remedial action.

**ANSWER:** Defendant denies all allegations of paragraph 34.

35. Defendants did not exercise reasonable care to prevent a sexually harassing behavior.

**ANSWER:** Defendant denies all allegations of paragraph 35.

36. Defendants, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

**ANSWER:** Defendant denies all allegations of paragraph 36.

37. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, emotional distress, and inconvenience.

**ANSWER:** Defendant denies all allegations of paragraph 37.

## COUNT II
Title VII - Retaliation
(Against All Defendants)

38. Defendant incorporates by reference its responses to paragraphs 1 through 37 and defenses, as if fully set forth herein.

39. Plaintiff's complaints concerning and objections to the sex discrimination to which she was subjected constituted a protected activity.

**ANSWER:** Defendant denies all allegations of paragraph 39.

40. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

**ANSWER:** Defendant denies all allegations of paragraph 40.

41. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of his federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

**ANSWER:** Defendant denies all allegations of paragraph 41.

42. Defendant's retaliatory actions against Plaintiff caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

**ANSWER:** Defendant denies all allegations of paragraph 42.

## AFFIRMATIVE AND OTHER DEFENSES

1. Count I is barred for failure to exhaust administrative remedies.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. All actions taken by Defendant with regard to Plaintiff were taken in the good faith exercise of reasonable business judgment and were based on legitimate business reasons unrelated to Plaintiff's gender or any protected conduct in which she may have engaged.

4. Defendant's actions would have been the same regardless of Plaintiff's gender or any protected conduct in which she claims to have engaged.

5. Plaintiff's claims for punitive damages are barred by Defendant's good faith efforts to enforce prohibitions on discrimination.

6. Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior of which it was notified.

7. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

8. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to take reasonable steps to mitigate her alleged damages, the existence of which damages Defendant expressly denies.

9. Defendant is entitled to a set off or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's actual interim earnings, benefits, or other compensation in an amount Plaintiff could have earned with reasonable effort.

10. Plaintiff's Complaint, to the extent it seeks punitive damages, violates Defendant's rights to procedural due process under the 14th Amendment of the United States Constitution and/or the Constitution of the State of Kansas, and violates Defendant's right to substantive due process provided in the 5th and 14th Amendments to the United States Constitution and/or the Constitution of the State of Kansas.

11. Any award of punitive damages would be constitutionally defective as an *ex post facto* law prohibited by the Constitution of the United States and Kansas. The jury, in making any such punitive award, would be effectively criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct may be subject to criminal punishment.

12. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

13. Defendant hereby reserves the right to assert such other or further defenses and affirmative defenses as become known during the course of this matter.

Respectfully submitted,

/s/ Anne E. Baggott
Karen K. Cain, KS #17256
Anne E. Baggott, KS #23629
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
kcain@littler.com
abaggott@littler.com

ATTORNEYS FOR DEFENDANTS
CRAFTWORKS RESTAURANTS &
BREWERIES GROUP, INC. AND
OLD CHICAGO OF KANSAS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2015, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record:

Kirk D. Holman
Kenneth D. Kinney
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO  64112
kholman@hslawllc.com
kkinney@hslawllc.com

ATTORNEYS FOR PLAINTIFF

/s/ Anne E. Baggott
Attorney for Defendants